**United States District Court**
**District of Massachusetts**

```
_____  )
                                 )
CARLOS OSORIO,                   )
          Plaintiff,             )
                                 )
          v.                     )    Civil Action No.
                                 )    06-10725-NMG
ONE WORLD TECHNOLOGIES, INC.,    )
RYOBI TECHNOLOGIES, INC. and     )
HOME DEPOT U.S.A., INC.,         )
          Defendants.            )
_____  )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Carlos Osorio ("Osorio") brought suit against One World Technologies, Inc. ("One World"), Ryobi Technologies, Inc. ("Ryobi") and Home Depot U.S.A., Inc. ("Home Depot") alleging negligence and breach of the implied warranty of merchantability. After a jury returned a verdict in plaintiff's favor, defendants One World and Ryobi filed a motion for judgment as a matter of law and for a new trial.

## I.  <u>Background</u>

This case arose out of a hand injury suffered while Osorio was operating a 10-inch Ryobi BTS 15 bench-top saw ("the BTS 15").  One World and Ryobi were the designers, manufacturers, testers, suppliers, sellers and distributors of that saw.  They sold it to Home Depot, which then sold it to Osorio's employer, PT Hardwood Floor Service.  Osorio contended that the BTS was

-1-

defectively designed because, <u>inter alia</u>, it did not incorporate flesh detection technology that stops the blade almost immediately when flesh touches it.

The Court presided over an eight-day jury trial beginning on February 22, 2010.  Toward the end of trial, defendants submitted two motions for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a).  The Court allowed Home Depot's motion with respect to plaintiff's negligence claim but denied the motion by Ryobi and One World.  On March 4, 2010, the jury returned a verdict in plaintiff's favor against Ryobi and One World on all counts and in Home Depot's favor on the remaining breach of warranty claim.  The jury awarded damages in the amount of $1,500,000.

On April 5, 2010, Ryobi and One World filed a renewed motion for judgment as a matter of law and a motion for a new trial. Plaintiff submitted a timely opposition and defendants replied the following month.

II. **Analysis**

A. **Legal Standard**

Post-verdict motions for judgment as a matter of law and for a new trial face stringent standards.  With respect to the former, a district court may grant a motion pursuant to Fed. R. Civ. P. 50(b) only if

> after examining the evidence and all reasonable
> inferences therefrom in the light most favorable to the

nonmovant, it determines that the evidence could lead a
reasonable person to only one conclusion, favorable to
the movant.

Caldwell Tanks, Inc. v. Haley & Ward, Inc., 471 F.3d 210, 214

(1st Cir. 2006) (citation and quotation marks omitted).

Similarly, a new trial should be granted "sparingly" and

only if "the outcome is against the clear weight of the evidence

such that upholding the verdict will result in a miscarriage of

justice." Johnson v. Spencer Press of Maine, Inc., 364 F.3d 368,

375 (1st Cir. 2004) (citations and quotation marks omitted).  The

district judge may not, therefore, "displace a jury's verdict

merely because he disagrees with it or would have found otherwise

in a bench trial." Ahern v. Scholz, 85 F.3d 774, 780 (1st Cir.

1996) (internal citation omitted).

    B.  **Application**

Defendants move for judgment as a matter of law or, in the

alternative, for a new trial.  Defendants' primary contention is

that Osorio failed to present to the jury sufficient evidence of

a feasible alternative design for the BTS 15 and, therefore, his

claim must fail.  Defendants argue that plaintiff ignored the

advantages of the BTS 15 (in particular, its light weight and low

cost) and instead sought to eliminate all bench-top saws with

such advantages from the market and to replace them with

expensive, heavy saws incorporating flesh-detection technology.

Defendants urge that such decisions about an entire class of

-3-

products are best left to legislatures or administrative agencies.  They also fault the plaintiff for failing to present to the jury a prototype alternative product.

Arguing in the alternative for a new trial, defendants add various allegations that plaintiff's counsel acted improperly. In particular, they contend that plaintiff's counsel 1) repeatedly referred to evidence that was not in the record such as the existence of a conspiracy among power tool manufacturers, 2) appealed to the jury's emotions in an attempt to distract them from the "real issues" and 3) offered his own opinion about the evidence through direct comments as well as tone and demeanor.

With respect to the sufficiency of the evidence, plaintiff responds that, because defendants did not argue that plaintiff failed to prove a feasible alternative design in their Rule 50(a) motion, they are precluded from raising it for the first time in a motion pursuant to Fed. R. Civ. P. 50(b).  Furthermore, says plaintiff, defendants' arguments lack merit.  First, plaintiff maintains that defendants overstate the requirements for a prima facie case of defective design.  Plaintiff asserts that he need not establish costs and benefits of an alternative design with particularity and must show only that a more reasonable design could have been produced.

With respect to his proof at trial, plaintiff suggests that ample evidence showed that a bench-top saw can support flesh

-4-

detection technology which sufficiently proved that an
alternative design was feasible.  Plaintiff did not need to
account for any "advantages" of the BTS 15 and, in any case,
submitted considerable evidence on the unreasonable risks
presented by the saw as designed.  Finally, plaintiff denies that
he ever suggested the need to ban an entire class of products.

Regarding the conduct of counsel, plaintiff characterizes it
as nothing more than zealous advocacy, which is both expected and
proper.  He then addresses each of defendants' specific
objections and rebuts their claims of impropriety.

Defendants submitted a brief reply in which they again
contend that plaintiff offered no reasonable alternative design
because an alternative to the BTS 15 must be lightweight and
affordable.  Plaintiff's alternative was, instead, a
"categorically different product altogether".  Defendants also
maintain that they did not waive this argument by not including
it in their Rule 50(a) motion.  To the contrary, defendants
state, there was no unfair surprise because the argument was
raised on several occasions before and during trial.

Consistent with the conduct of the trial, this dispute has
been over-papered and the Court will deny defendants' motion.
With respect to evidence of a feasible alternative design, even
assuming that defendants' argument is not waived, the Court is
not persuaded that a reasonable person could come to "only one

-5-

conclusion", Caldwell Tanks, 471 F.3d at 214, or that upholding the verdict will result in "a miscarriage of justice". Johnson, 364 F.3d at 375.  The evidence during this lengthy trial was expansive.  Much of it focused on flesh-detection technology including, as plaintiff points out, hours of testimony on the cost and feasibility of incorporating the technology into the BTS 15, a bench-top saw.  There was also considerable evidence about the dangers of the subject saw as designed and the possibility of other improved safety features, apart from flesh-detection, such as a better guarding system (which the current BTS 15 apparently incorporates).  The jury heard all of that evidence and detailed instructions (which included reference to the legal propositions cited by defendants in support of the instant motion) detailing the multi-factored test for finding a design defect.  The Court concludes that, on the whole, the jury viewed the evidence in Osorio's favor and did not ignore the Court's instructions.

In fact, ironically, defendants' reply brief provides persuasive grounds for denying their motion.  In refuting plaintiff's contention that they waived a feasible alternative design argument, defendants state that their position on that issue is "not new".  They then list several instances, both before and during trial, during which they argued that plaintiff could not carry his burden to show a feasible alternative design for all of the reasons repeated here (namely, weight and cost).

The fact that defendants did not previously prevail on that theory reinforces the Court's determination not to credit it for the first time on a post-verdict motion.

Moreover, defendants' repeated contention that this verdict will effectively eliminate an entire class of products is unpersuasive.  The BTS 15 model at issue in this case is not even on the market anymore.  In any event, it is not up to this Court to speculate about the import of the verdict to the defendants or the industry as a whole.

That leaves for consideration defendants' complaints concerning the conduct of plaintiff's counsel.  The majority of defendants' arguments in that regard address issues dealt with during the course of trial.  The Court ruled on objections as they were made and instructed the jury accordingly (including an instruction about the role of sympathy).  The Court concludes that plaintiff's counsel did not inappropriately refer to evidence outside the record.

Nor are defendants' objections to counsel's alleged emotional appeals (either to distract the jury from the issues or to make a point on their own) compelling.  The Court finds that plaintiff's counsel's conduct was within the bounds of propriety and, when it approached the limits of permissibility, the Court acted to circumscribe it.  As such, that conduct is not grounds for a new trial.

**ORDER**

In accordance with the foregoing, defendants' motion for judgment as a matter of law and for a new trial (Docket No. 149) is **DENIED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated June 8, 2010