```
                    United States District Court
                       District of Massachusetts
_____
                                )
CARLOS OSORIO,                  )
        Plaintiff,              )
                                )
        v.                      )   Civil Action No.
                                )   06-10725-NMG
ONE WORLD TECHNOLOGIES, INC. and)
RYOBI TECHNOLOGIES, INC.,       )
        Defendants.             )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Carlos Osorio ("Osorio") brought this action against One World Technologies, Inc. ("One World"), Ryobi Technologies, Inc. ("Ryobi") and Home Depot U.S.A., Inc. ("Home Depot") alleging negligence and breach of implied warranty. The complaint arose when Osorio severely injured his hand at work when using a hand saw designed, manufactured and distributed by One World and Ryobi. Nine other actions involving accidents from saw blades have since been filed in the District of Massachusetts, with the plaintiffs all contending that they were injured by a defectively designed power saw which failed to include flesh-detecting technology.

I.  **Background**

The instant case was tried to a jury over the course of nine days. On March 9, 2010, the jury returned a verdict finding One World and Ryobi (but not Home Depot) liable to Osorio for damages

in the amount of $1.5 million.  This Court denied a post-trial motion of One World and Ryobi for judgment as a matter of law and for a new trial, and, on October 6, 2011, the United States Court of Appeals for the First Circuit affirmed the original judgment.

Currently before the Court is Osorio's Amended Bill of Costs.[1]

**II.  Analysis**

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs ... should be allowed to the prevailing party."  Although there is an underlying presumption favoring cost recovery for prevailing parties, a district court has broad discretion under Rule 54(d) to refuse to award fees.  Martinez v. Cui, No. 06-40029, 2009 WL 3298080, at *1 (D. Mass. 2009) (citing B. Fernandez & HNOS, Inc. v. Kellogg USA, Inc., 516 F.3d 18, 28 (1st Cir.2008)).

Congress has set boundaries for what costs of litigation are taxable.  Pursuant to 28 U.S.C. § 1920, a court may award to prevailing parties:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; ... (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; ... (6) Compensation of court appointed

---

[1]  The bill was filed over a year ago but was held in abeyance pending the appeal to the First Circuit.

experts, compensation of interpreters, and salaries,
fees, expenses, and costs of special interpretation
services ....

In this matter, Osorio requests costs of court fees ($542.00), copies and mailing ($4,160.43), medical records ($138.08), daily trial transcripts ($5,095.84), compensation for interpreter ($6,385.00), demonstrative exhibits ($21,498.39), witness depositions ($51,470.06), a SawStop demonstration at trial ($3,542.13) and fees and travel expenses for experts ($4,920.61). His requests total to $97,752.54. Defendants object in whole or in part to each request except the request for medical records. Each contested request will be considered in turn.

### A. Court fees

Plaintiff requests $542.00 in costs for "Fees of the Clerk." Defendants object to being taxed for the pro hac vice application fee of Gerard Peoples, an attorney who, according to defendants, had virtually no involvement in the case and did not participate in the trial. Plaintiff counters that Mr. Peoples played an important behind-the-scenes role in "developing the facts and caselaw." Although that may be true, an attorney need not be admitted pro hac vice for such purposes. Because plaintiff does not represent that he ever intended Mr. Peoples to engage in the practice of Massachusetts law such that he had to be admitted pro hac vice, the cost of his admission fee ($50) is not to be taxed

against the defendants.

Defendants also object to costs plaintiff incurred to issue a subpoena issued to Home Depot. Plaintiff concedes that judgment was not entered against Home Depot and withdraws its request for costs against that entity. Thus, that amount ($42) shall also be deducted from the bill of costs.

**B.   Copies and mailing**

Plaintiff requests $4,160.43 for "copies and mailings." Copying costs are taxable under § 1920(4) so long as they are reasonably necessary for use in the case rather than incidental to the trial or incurred in preparation for it. "While a page-by-page justification is not required, the prevailing party must offer some evidence of necessity." Bowling v. Hasbro, Inc., 582 F. Supp. 2d 192, 210 (D.R.I. 2008). Nonetheless,

> counsel should inform the Court of the number of copies, the cost of each copy, and provide, if possible, a breakdown of the reasons why photocopying of certain documents was necessary.

Martinez, 2009 WL 3298080, at *3 (quotation omitted).

Defendants here object to being taxed for the cost of 1) copying over 200 exhibits that plaintiff did not introduce at trial, 2) federal express charges incurred when outside counsel sent documents to local counsel and 3) $347.24 included in an invoice from the Intercontinental Hotel for a charge entitled "receive and handling." Defendants contend that, at most, plaintiff is entitled the cost of copies of the exhibits he

-4-

actually introduced into evidence.

Plaintiff responds that in complex cases, it is reasonable to prepare a large number of exhibits in order to prepare and present a case within the "unknowable flow of trial." The Court agrees, but notes that such recovery is not broad enough to cover shipping costs associated with the exhibits. The amount of such costs are to be deducted from the bill of costs. See United States v. Davis, 87 F. Supp. 2d 82, 89 (D.R.I. 2000) (concluding that expenses for postage, handling and shipping are not recoverable under § 1920). Furthermore, the Court agrees with defendants that the charge for "receive and handling" from the Intercontinental Hotel is to be deducted as well because there is not a fair basis to ascertain the necessity of the charge.

**C.  Daily trial transcripts**

Plaintiff requests $5,095.84 in costs for daily trial transcripts. Such costs are taxable if they were "necessarily obtained for use in the case." See § 1920(2). Plaintiff states generally that the trial transcripts were necessary as they were used to examine and cross examine witnesses and earlier testimony was later read into the record. Defendants objects that plaintiff has not proved the necessity of the transcripts and has allegedly used them in later, related cases as well. The Court agrees with defendants that daily trial transcripts were unnecessary to the ultimate success of plaintiff's case. The

charge will not be taxed.

**D.   Compensation for interpreter**

Plaintiff requests $6,385.00 for "compensation for interpreter". Defendants object to portions of that amount which they contend had no connection to trial. The Court disagrees and will allow plaintiff's requested amount in full.

**E.   Demonstrative exhibits and Sawstop demonstration**

Plaintiff requests $21,498.39 for "graphics and demos" and $3,542.13 for the "demonstration model of Sawstop", both of which were used at trial. "Exemplification" under § 1920(4) has been interpreted to include a variety of demonstrative evidence, including "models, charts, photographs, illustrations, and other graphic aids." Davis, 87 F. Supp. 2d at 88. Even so, "there must be a showing that the fees are necessary as opposed to merely convenient or helpful." Martinez, 2009 WL 3298080, at *3; see Battenfeld of Am. Holding Co. v. Baird, Kurtz & Dobson, 196 F.R.D. 613, 616-17 (D. Kan. 2000) (denying costs after concluding that demonstrative exhibits illustrating various defenses and themes were helpful to the jury but were not necessary). Additionally, taxation of demonstrative evidence is less likely to be allowed when a party has failed to obtain prior court approval. See Davis, 87 F. Supp. 2d at 88-89.

Defendants contend that they should not be taxed for the costs of demonstrative exhibits when plaintiff has not specified

that any were essential to his success or necessary for the jury's understanding of the issues at trial. The Court agrees. Furthermore, although all of the graphics and demos and the model of the Sawstop were "convenient or helpful," they were not necessary and they were not used as aids subject to taxable costs with prior court approval. Accordingly, those requested costs will be disallowed.

**F. Deposition transcripts**

Plaintiff requests $51,470.06 in costs for "depositions, transcripts, and videos of fact witnesses and experts." The First Circuit has held that depositions introduced into evidence or used at trial are taxable but, beyond that, it is within a district court's discretion to award deposition costs if special circumstances warrant it. Templeman v. Chris Craft Corp., 770 F.2d 245, 249 (1st Cir.1985); see also Garshman Co., Ltd. v. Gen'l Elec. Co., 993 F. Supp. 25, 29 (D. Mass. 1998).

Plaintiff seeks costs for depositions used at trial and also depositions allegedly used to gather facts essential to the case. The Court will award plaintiff the cost of depositions used at trial (i.e., Bugos, Whiffen, Dils, Hill, Palmer, Light, Peot and Domeny) but discerns no special circumstances that warrant taxing the cost of the remainder to defendants. See Martinez, 2009 WL 3298080, at *3 (noting that courts are skeptical of taxing costs for depositions obtained "for purely investigatory or discovery

purposes").

G. **Fees/travel expenses for expert witnesses**

Plaintiff seeks $4,920.61 in costs for the "fees and travel expenses" of two experts, Dr. Gass and Dr. Holt. Defendant objects to being charged for Dr. Gass's first class airfare and purportedly extravagant meal expenses at the Intercontinental Hotel (e.g., over $30 each morning for breakfast and $89.90 for dinner). Defendant objects to Dr. Holt's expenses in their entirety because Dr. Holt submitted only handwritten notes of his expenses with no supporting invoices.

The Court will allow the equivalent of a coach class flight for Dr. Gass because plaintiff does not assert that the first class ticket was all that was reasonably available. See 28 U.S.C. § 1821(c)(1) ("Such a witness shall utilize a common carrier at the most economical rate reasonably available."). Thus, one third ($403.13) of Dr. Gass's total airfare is to be deducted from the bill of costs. The Court will also allow up to $71 per day for Dr. Gass's meal expenses, which is the maximum per diem subsistence allowance for a witness traveling to Boston. See § 1821(d). Any charges exceeding that allowance will also be deducted.

Dr. Holt's expenses ($1,853.99), which are provided only in handwritten notes, are to be deducted in full. With respect to a witness's travel expenses, § 1821(c)(1) explicitly provides that

a "receipt or other evidence of actual cost shall be furnished." Here, there is no evidence of actual costs and the Court has no basis to determine whether the remaining expenses alleged were proper.

## ORDER

In accordance with the foregoing, plaintiff's bill of costs is **APPROVED**, in part, and **DENIED**, in part.  Plaintiffs are directed to re-file for the Court's endorsement an assented-to second amended bill of costs consistent with this Order on or before Thursday, December 1, 2011.


**So ordered.**

                                               /s/ Nathaniel M. Gorton  
                                              Nathaniel M. Gorton  
                                              United States District Judge  
Dated November 17, 2011